**EQUAL EMPLOYMENT OPPORTUNI- TY COMMISSION, Plaintiff,**

v.

**STATE OF NEW YORK, and New York State Police, Defendants.**

**No. 84–CV–12.**

United States District Court, N.D. New York.

Jan. 30, 1984.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS

MINER, District Judge.

Plaintiff, Equal Employment Opportunity Commission ("EEOC"), brought this action against Defendants, State of New York and New York State Police, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Defendants have moved to dismiss the action on the ground that the EEOC lacks proper authority to enforce the ADEA. Defendants' motion is based on the Supreme Court's decision in *Immigration and Naturalization Service v. Chadha,* 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983), as interpreted in *EEOC v. Allstate Insurance Co.,* 570 F.Supp. 1224 (S.D.Miss.1983), *appeal docketed,* 740 F.2d 966 (5th Cir. 1984).

Authority to enforce the ADEA was transferred to the EEOC by Reorganization Plan No. 1 of 1978, 92 Stat. 3781, which was promulgated pursuant to the Reorganization Act of 1977, 5 U.S.C. § 901 *et seq.* That Reorganization Act contained a one-House legislative veto provision, similar to the veto provision which was held to be unconstitutional in the *Chadha* case, *supra.* Based on the presence of that legislative veto provision, the Defendants argue that the entire Reorganization Act is unconstitutional. Defendants further argue that, since the EEOC received ADEA enforcement authority via a Reorganization Plan which was promulgated pursuant to the Reorganization Act, the EEOC necessarily lacks valid enforcement authority. *See EEOC v. Allstate Insurance Co., supra.*

However, for reasons which have already been adequately stated by several other district courts, this Court concludes that the one-House veto provision is severable from the remainder of the Reorganization Act of 1977, which is otherwise constitutionally valid. *See: Muller Optical Co. v. EEOC,* 574 F.Supp. 946 (W.D.Tenn., 1983); *EEOC v. Jackson County, Missouri,* No. 83–1118–CV–W–1 (W.D.Mo., Dec. 13, 1983);

*EEOC v. City of Memphis,* 581 F.Supp. 179 (W.D.Tenn., 1983); *EEOC v. El Paso Natural Gas Co.,* No. EP–83–CA–108 (W.D. Tex., Jan. 16, 1984). Moreover, for reasons which have already been adequately stated in the same district court decisions, this Court concludes that Congress has ratified the transfer of ADEA enforcement authority to the EEOC. *See, e.g.:* Civil Service Reform Act of 1978, Section 905, 5 U.S.C. § 1101 note (Supp. IV 1980); Public Law 98–166, 97 Stat. 1071, signed by the President on November 28, 1983, which appropriated funds to the EEOC expressly for ADEA enforcement.

It is therefore ORDERED that the Defendants' motion to dismiss the complaint in the above-styled and numbered civil action be, and the same is hereby, DENIED.